No. 18.—JAMES S. MILLER, plaintiff in error, *vs.* IRVIN J. SAUNDERS and others, defendants in error.

[1.] Where an exhibit of a marriage settlement is made to a bill in Equity, and the defendant is called on to answer to the best of his knowledge, information and belief, as to its execution, and he answers that it may have been executed as alleged, but he prays that complainant may be held to strict proof thereof: *Held,* that this answer is evasive; that he should answer as interrogated, according to his knowledge, information and belief in the premises.

[2.] Where the defendant is interrogated as to the value of a slave, and fails to answer, and insists that he is not bound to answer, because the complainant has no title to the same: *Held,* that the Court will not look into the question of title, upon argument to the sufficiency of the answer, and especially when the question has not been discussed by the Counsel, but will require the answer upon this point.

[3.] The defendant must answer all *material* averments in the bill.

*Miller vs. Saunders et al.*

[4.] But the defendant is not required to answer an interrogatory, for which no foundation has been laid in the stating part of the bill.

In Equity, in Dougherty Superior Court. Decision by Judge PERKINS, December Term, 1854.

The error complained of was the sustaining of exceptions to the answers of plaintiff in error, to a bill filed by the defendants in error.

1. The bill charged the execution of a marriage contract between James S. Miller and his wife, a copy of which was attached to the bill. The defendant answered that this copy "may be a substantial, if not a true copy of the deed, but prayed that complainant be held to the strict proof thereof." The Court held this answer insufficient.

2. The answer failed to state the value of a negro *Elias*, included in the deed, or his annual hire. It set up absolute title in Elias, in defendant. The Court required him to answer.

3. The bill charged, that there had been a settlement between the complainant and defendant, which defendant had violated by fraudulently causing a *fi. fa.* to be sent to Dougherty County, and levied on a portion of the negroes. The answer was silent as to the sending of the *fi. fa.* to Dougherty. The Court held it a material allegation, and required an answer.

4. One of the interrogatories in the bill was unanswered—the stating part of the bill being silent as to this interrogatory. The Court ordered it to be answered.

Upon these decisions error is assigned.

SCARBOROUGH, for plaintiff in error.

L. WARREN, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

This case comes up to us, by the decision of the Court below, upon exceptions to an answer in Chancery.

[1.] The first objection is, that the Court erred in deciding that the answer was defective, because the defendant had not answered whether or not the copy of a marriage settlement exhibited, was a true copy of the original.

The defendant has been called upon, in the usual way, to answer upon this point according to his knowledge, information and belief, so as to save proof of execution to the complainant. He has not answered according to his information and belief, but has replied evasively, saying that the copy exhibited "*may be* a substantial, if not a true copy;" yet, praying that the complainants "may be held to strict proof;" and again— that "it may be proved as charged, that said marriage settlement was executed in manner and form as set forth, but respondent requires strict proof and authentication." This is not a proper answer. The complainant is entitled to the knowledge or belief of the defendant upon this subject, and he must so answer.

[2.] The defendant admits that he has not answered as to value of the slave *Elias*, but denies that this is material.

It is true, that the title of the complainant to this slave is here put in question. And if he be not entitled to recover the slave, the value of the same cannot be material to him. But this question may be more appropriately decided elsewhere; and in the meantime, an answer to this point is but a slight matter. At all events, this question of title was not discussed before us; and in the absence of discussion, we deem it more expedient that the defendant should answer this comparatively unimportant question, than that we should decide this important point.

[3.] It is complained, also, that the defendant has not answered whether or not he procured the *fi. fa.* in favor of Joseph Ring against himself, and Durham and Saxon as securities, to be sent to the County of Dougherty, there to be levied. To this he replies that it, too, is immaterial.

The answer to this inquiry is material, in our opinion. The bill charges fraud against the defendant, in that he entered into a compromise with the complainants of a suit for, and

claim to certain negro slaves, and delivered the same up to the complainants, and that he subsequently conspired with Durham and Saxon, pretending that as securities they had paid off this *fi. fa.* against him, when, in truth and in fact, this was not so; and prevailed on them to aid in having the same levied on these negroes, that they might be condemned as his property.

If this be true it is very material; for if Durham and Saxon have only a *pretended* interest in said *fi. fa.* and are pressing it for his benefit, this cannot be permitted.  We are inclined to think, too, that even if Durham and Saxon have paid off this execution as securities, and there is other property of Miller, out of which they may make their money, and yet, by conspiring with him they are endeavoring to condemn this property for his debts, inasmuch as he is estopped to deny the title of the complainants to the same, a Court of Equity will intervene and turn the execution upon other property.  And in this point of view the answer is proper.

[4.] But we cannot sustain the Court below in requiring an answer to the interrogatory, as to the length of time during which Mrs. Miller was sick, before her death.  Upon examination, we find that no foundation is laid for this interrogatory in the stating part of the bill; and no answer can therefore be required of the defendant, on this point.

This rule has been too well settled by Chancery practice, and the repeated decisions of this Court, to need that we should add any thing to what we have said.  On this ground the judgment is reversed.